(153 App. Div. 447.)

### HOOVER v. WOODRUFF.

(Supreme Court, Appellate Division, Third Department. November 22, 1912.)

1. TRIAL (§ 165*)—NONSUIT—CONSTRUCTION OF EVIDENCE.

In determining the propriety of an involuntary nonsuit, plaintiff's evidence must be given the most favorable construction possible, and facts which it tends to show must be considered established.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

2. VENDOR AND PURCHASER (§ 341*)—BREACH OF CONTRACT—RECOVERY OF MONEY PAID.

In an action to recover, because of defendant's breach, money paid upon an oral contract for the purchase of land, evidence *held* sufficient to carry the case to the jury.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig. § 341.*]

Betts, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Broome County.

Action by Jesse Hoover against Lucius Woodruff. From a judgment dismissing his complaint, and an order denying his motion for a new trial, plaintiff appeals. Reversed and remanded.

See, also, 142 App. Div. 920, 127 N. Y. Supp. 1125.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Albert S. Barnes, of Binghamton (Hinman, Howard & Kattell, of Binghamton, of counsel), for appellant.

Sperry & Wickham, of Binghamton (Robert S. Wickham, of Binghamton, of counsel), for respondent.

PER CURIAM. This action was brought to recover the sum of $1,000, which the plaintiff, as the undisclosed principal, claimed to have paid through his agent to the defendant upon an oral contract for the purchase of a parcel of land situated on the easterly side of upper State street, in the city of Binghamton. At the time of making this oral contract said parcel of land was owned by S. M. Baird, and fronted on Merrill avenue and State street, and ran easterly to lands of the Delaware, Lackawanna & Western Railroad Company. Westerly, between the Baird lot and Chenango street, was a tract of land in process of development, owned by the defendant and one Merithew, known as "Chenango Heights," which had been subdivided into lots with streets running through it, the title to which lots and streets was in the defendant and said Merithew, and two of which were said Merrill avenue and State street.

The claim of the plaintiff was to the effect that in the month of December, 1907, the plaintiff, through his duly authorized agents, and the defendant, entered into an oral contract by which it was agreed that the defendant should purchase said Baird lot for the sum of $2,500, and should sell the same to the plaintiff upon contract for the sum of $2,700, $1,000 of which was to be paid down, and the balance of $1,700, with interest, on the 1st day of July, 1908, and that the defendant should place Merrill avenue and the upper portion of State street upon the grade established by the city, and should convey the same to the city for use as public streets, in order that water mains might be laid through such streets to the Baird lot, which the city would not do until the streets had become public streets and had been placed on grade, and without which the Baird lot would be without necessary water supply, either for the use of buildings to be erected thereon or for protection against fire; that pursuant to said oral contract the plaintiff's representatives paid to the defendant $600 December 27, 1907, and the remaining $400, of the $1,000 payment, January 6, 1908, at each of which times defendant gave a receipt for such payment, and at which latter time, in reply to the statement of plaintiff's representative that the purchaser would expect a contract, instead of a receipt, stated to plaintiff's representative that he would prepare a contract in a day or two; that on or about the 10th day

of January, 1908, defendant's attorney, Judge Olmstead prepared and submitted to plaintiff's representatives a contract for the Baird lot, which provided for the payment of the balance of $1,700 May 1st, for the delivery of a covenant against grantor deed, and for the delivery of a deed to the city of said streets, which contract, however, contained the provision, "but it is expressly understood and agreed between the parties hereto that the said parties of the first part do not by this covenant obligate themselves to grade or improve the streets above named," without which grading having first been done the city would refuse to accept a conveyance of said streets; and said contract proposed by the defendant contained the further clause:

"And as a further consideration of such conveyance the party of the second part, for himself, his heirs and assigns, doth covenant and agree with the parties of the first part, their heirs and assigns, that upon the lands hereby conveyed, or any part thereof, the party of the second part, his heirs or assigns, shall not at any time within the next 40 years establish, maintain, carry on, or conduct, or permit to be established, maintained, carried on, or conducted, any business undertaking or manufacturing which shall be dangerous, injurious, obnoxious, detrimental, unhealthy, or offensive to the owners or occupants of lots laying within that part of the neighborhood known as the 'Collier Location,' and that this covenant runs with the land hereby conveyed, and is binding upon all future owners, occupants, and tenants thereof, and that the above defined covenant shall be thus contained in said deed."

Plaintiff's representative declined to accept said contract, upon the ground that it did not comply with said oral contract, in that it required payment of the balance of $1,700 May 1st, instead of July 1st, that it did not obligate defendant to place said streets on grade, and that it contained a 40 years covenant against alleged nuisances. Plaintiff's representative then prepared and submitted to defendant's said attorney a proposed contract. On January 24, 1908, the defendant received a conveyance of the Baird lot, and on the same day tendered a deed thereof to Edward H. Johnson, who, he claimed, was acting for the undisclosed principal, and demanded the payment of $1,700. On or about February 6, 1908, plaintiff's representative called upon the defendant, and, stating that he represented the plaintiff, who was the undisclosed principal, demanded that defendant execute a contract with plaintiff for the Baird lot, and put the streets on grade, or procure their acceptance by the city, to which defendant replied:

"I will do nothing further or different than I have already done in the contract which was prepared as referred to by Judge Olmstead."

Thereupon plaintiff's representative demanded of defendant that he return the $1,000 so paid him, as the plaintiff was entitled to performance on defendant's part of the contract or was entitled to his money, to which defendant replied that he would do nothing further in the matter. This action was commenced March 27, 1908.

[1, 2] The testimony of plaintiff and his witnesses was to the effect that the oral contract and the transactions hereinbefore stated were as so claimed by the plaintiff, and, standing uncontradicted, must, for the purpose of determining the correctness of the ruling granting a nonsuit, be considered established, and the plaintiff as entitled as matter of law, upon this appeal, to the most favorable construction which

can fairly be given to the evidence. Judged by this rule, the plaintiff was at least entitled to have submitted to the jury the question as to whether the defendant was not alone in default in carrying out the oral contract under which the $1,000 had been paid to him, and hence the plaintiff entitled to recover the same from the defendant.

The judgment entered upon the nonsuit must therefore be reversed, and a new trial granted, with costs to appellant to abide the event.

BETTS, J., dissents.